■ In the Matter of the PEOPLE OF THE STATE OF NEW YORK, by LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, Appellant, v. PRESTIGE VIDEO STORES, INC., et al., Respondents.— Judgment entered November 21, 1968, unanimously reversed on the law, with $50 costs and disbursements to appellant, petition reinstated and a trial is directed. Pending the outcome of the trial the respondents are hereby restrained from acting in furtherance of a promotional scheme to sell merchandise through the use of a "sweepstakes" with the "winners" receiving free merchandise and distributing to members of the public bait advertising, all as set forth in the Attorney-General's petition dated July 15, 1968. (See Executive Law, § 63, subd. 12; General Business Law, § 396, subd. 1.) The Attorney-General instituted this proceeding to restrain respondents from acting in furtherance of a promotional scheme to sell stereo sets and sewing machines through the use of a sweepstakes with

the winners receiving free merchandise. Special Term dismissed the petition on its face without a trial holding that there was no clear showing to justify the drastic relief sought. We hold that in so doing Special Term erred. The Attorney-General's petition together with the supporting affidavit of Assistant Attorney-General Bailey sufficiently established prima facie that respondents have engaged in a course of business conduct tantamount to false and bait advertising, misrepresentations and deceptive inducements to procure customers for their merchandise. The record reveals that respondents mailed a letter at random to the public which was designed to delude a prospective customer into believing himself the winner of a free stereo or sewing machine especially priced at $149. According to the letter, every recipient was a winner of a so-called jackpot. The letter indicated that the recipient would pay nothing for the item of his choice so long as he subscribed to a five-year prepaid service and instruction contract. Additionally, the winner was also informed that he would receive a Las Vegas holiday for two consisting of four nights and three days at the Frontier Hotel. When calling at respondents' store, the customer discovered that respondent sold no machine for less than $300. In addition there was a charge for a five-year prepaid service and instruction contract at approximately $75 for the stereo and $65 for the sewing machine, payable in advance, and the Attorney-General claims that the required five-year prepaid service and instruction contract in the amount stated more than paid for the "free" merchandise offered by respondents. It is further indicated that the additional enticement of a free Las Vegas holiday scheme consisted of hotel accommodations only, no meals and no transportation. The record also reveals the mailing of another letter offering a free stereo console by requiring only the purchase of one LP record album a week for 12 months to help defray the cost of the stereo, but the customer would find that the record albums cost $3.92 each or more than $200 for the required year. There is a prima facie showing that the basic theme in the promotion devices employed by respondents was the promise of something for nothing which invariably proved a mirage. If after a trial the allegations of the petition are sustained, such conduct should be enjoined pursuant to subdivision 12 of section 63 of the Executive Law. (See *People* v. *Levinson,* 23 Misc 2d 483; *Matter of People* v. *Bauman & Co.,* 56 Misc 2d 153; *Electrolux Corp.* v. *Val-Worth, Inc.,* 6 N Y 2d 556, 569; see, also, 69 Yale L. J. 830.) The propriety of the appointment of a receiver must await the trial. Settle order on notice containing *pendente lite* restraining provisions consonant with the foregoing. Concur — Eager, J. P., Capozzoli, Markewich, Nunez and Bastow, JJ.